UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LORI ANN LEBLANC, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-03300 |
| § | |
| AISHA CUNNINGHAM, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

### I.

Before the Court is the unopposed motion to dismiss the plaintiff's, Lori Ann LeBlanc, Complaint [DE 1], filed by the defendants, Aisha Cunningham, Michael Solomon, Monica Andrade and Scott Martin [DE 3]. The Court has reviewed the plaintiff's *pro se* complaint, the defendants' motion to dismiss and determines that the defendants' motion is meritorious and should be granted.

### II.

In her complaint, filed September 5, 2023, the plaintiff alleges that members of the Drug Enforcement Administration ("DEA") executed a search warrant directed at Halowells Pharmacy in the Houston area. Pursuant to the search warrant, the defendants seized items listed in the search warrant, including the plaintiff's cell phones and iPads. During the course of the search and seizure, DEA Agent Cunningham spoke with and questioned the plaintiff at the location.

The plaintiff asserts that the search and seizure violated her federal civil rights in that she was denied "due process", that she was the subject of a conversion of property, fraud, duress,

conspiracy as part of the deprivation of rights and property she suffered at the hands of the DEA Task Force.

In January 2024, the defendants filed their motion to dismiss asserting that the United States is the only proper party to defend the plaintiff's complaint because only the United States can defend the actions of federal government employees against tort claims; hence, the Court lacks jurisdiction over the plaintiff's tort claims. The defendants also assert that the plaintiff's conspiracy and deprivation of rights under "color of law" arise under criminal statutes and do not provide a basis for civil liability. Finally, the defendants assert that the plaintiff's constitutional claims fail because they are beyond the scope of *Bivens* doctrine. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 396-97, (1971).

### III.

When a Court lacks jurisdiction over a party's claim(s), the Court is obliged to dismiss the case for lack of jurisdiction. FRCP, Rule 12(b)(1). In this case, the plaintiff has failed to challenge the defendants' claim that jurisdiction is lacking. In this case, the defendants argue that because the actions of the DEA were at the behest of the United States, only the United States, not the "agents" is the proper defendant. *See United States v. Orleans,* 425 U.S. 807 (1976). The Court agrees. The agents were operating within the course and scope of their authority, as DEA Agents; hence, the plaintiff sole remedy is under the Federal Tort Claims Act. 28 U.S.C. §§ 279(a)((b)(1). The FTCA requires that a claimant submit her claim to the United States for Administrative review. The plaintiff has failed to do so and that process cannot be waived. Therefore, the Court holds that the plaintiff's tort claims are barred by the government's determination that the limited waiver of sovereign immunity in tort cases has not been accessed.

In light of the fact that the DEA Agents were acting in the course and scope of their assigned duties, the Court also holds that the plaintiff complaint must be dismissed because the plaintiff has failed to state a plausible claim upon which any relief may be granted. Hence, pursuant to FRCP, 12(b)(6), the Court dismisses the plaintiff's suit entirely. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

It is Ordered that the plaintiff's suit be and it is Dismissed in its entirety.

SIGNED on October 10, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge